IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| BRADLEY A. HENRICHS, ) | |
| ) | |
| Movant, ) | |
| ) | |
| v. ) | No. 05-00103-CV-W-SOW |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## ORDER

Before the Court is Movant Bradley A. Henrichs's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (Doc. # 1). For the reasons stated below, movant's motion is denied.

## I. Background

On April 7, 2001, a federal grand jury sitting in the Western District of Missouri returned a ten-count Indictment charging Henrichs with mail fraud in violation of 18 U.S.C. § 1341 (Counts 1-4), money laundering in violation of 18 U.S.C. § 1957 (Counts 5-8), criminal forfeiture pursuant to 18 U.S.C. § 872 (Count 9), and conspiracy to commit tax fraud in violation of 18 U.S.C. § 371 (Count 10).

Movant Henrichs appeared before this Court on March 14, 2002, and entered guilty pleas pursuant to a written plea agreement to Counts One, Six, and Ten. Movant also assented to the criminal forfeiture sought in Count Nine. Under the terms of the written plea agreement, Henrichs also agreed to particular facts to support certain enhancements and adjustments to the Sentencing Guideline calculation. This Court accepted movant's guilty pleas and ordered a preparation of a pre-sentence investigation report ("PSR"). Movant's resulting guideline range

was 84 to 105 months with the notation that the statutory sentencing range for Counts 1 and 10 is 60 months. Henrichs made numerous objections to the guideline calculation for the PSR.

On October 31, 2002, this Court conducted a sentencing hearing. At the sentencing proceedings, the Court found that the total offense level was 25, that movant's criminal history category was IV, and that the sentencing guidelines range was 84 to 105 months. This Court overruled all of the objections made to the PSR. This Court sentenced Henrichs to 60 months on each of Counts 1 and 10, and 84 months on Count 6, all counts to be served concurrently. Henrichs received an aggregate sentence of 84 months' imprisonment, supervised release of three years, and restitution in the amount of $747,849.37.

Movant Henrichs filed a timely appeal with the Eighth Circuit Court of Appeals. His convictions and sentences were affirmed on appeal. United States v. Henrichs, No. 03-1513, 2003 WL 22284552 (8th Cir. Sept. 18, 2003). Henrichs subsequently timely filed this § 2255 motion. Movant alleges that his sentence was imposed in violation of the United States Constitution and that he received ineffective assistance of counsel. Specifically, Henrichs alleges that: (1) his sentence was imposed in violation of United States v. Booker, 543 U.S. 220 (2005); (2) his trial attorney was ineffective in failing to make an Apprendi argument at sentencing; and (3) his attorney was ineffective in failing to present evidence in support of several of his challenges to the district court's Guidelines applications. The Court will consider each ground for relief in turn.

## II. Discussion

### A. Henrichs's Sentencing and Booker

Henrichs alleges that his sentence was imposed in violation of the Sixth Amendment to the United States Constitution because it violated the Supreme Court's holding in United States

v. Booker, 125 S.Ct.738 (2005). Specifically, movant argues that he was sentenced in violation of the Sixth Amendment right to a jury trial in that this Court determined movant's sentence based upon the mandatory application of the United States Sentencing Guidelines relying upon facts that were not charged in the indictment, not admitted by the defendant, and not found beyond a reasonable doubt. The Booker case held that the judicial fact-finding provisions of the Sentencing Reform Act, which allows a judge to impose greater sentences based upon his or her own fact-finding by a preponderance of the evidence standard, are unconstitutional. Id. at 764. Furthermore, the federal Sentencing Guidelines were found not to be mandatory, but rather advisory. Id.

The Supreme Court explicitly recognized that Booker applied only to cases on direct review as of January 12, 2005. Id. at 769. The Eighth Circuit has recently held that Booker does not apply retroactively to § 2255 cases. "[W]e conclude the 'new rule' announced in Booker does not apply to criminal convictions that became final before the rule was announced, and thus does not benefit movants in collateral proceedings." Never Misses a Shot v. United States, 413 F.3d 781, 783 (8th Cir. 2005). Henrichs's case was not on direct review as of January 12, 2005. Accordingly, his argument that his sentence is unconstitutional pursuant to the holding of Booker must be denied.

B. Henrichs Received Effective Assistance of Counsel

Next, movant argues that he received ineffective assistance of counsel based upon counsel's failure to raise an objection to the guideline sentence imposed on the grounds that the sentence was imposed in violation of his constitutional rights. Specifically, movant argues that counsel should have been aware of (and made objections based on) the United States Supreme Court's opinion in Apprendi v. New Jersey, 530 U.S. 466 (2000), mandating that a finder of fact

determine beyond a reasonable doubt all factors influencing a sentencing decision.

Henrichs must satisfy a heavy burden to successfully establish an ineffective assistance of counsel claim. Under Strickland v. Washington, in order to prevail on a claim of ineffective assistance of counsel, a defendant must prove both that his representation was deficient and that the defendant was prejudiced. Cheek v. United States, 858 F.2d 1330, 1336 (1988) (citing Strickland v. Washington, 466 U.S. 668 (1984)). Counsel's performance will not be deficient if the performance was one of "reasonably effective assistance." Strickland, 466 U.S. at 687. For a defendant to show otherwise, he must show that counsel's representation fell below an objective standard of reasonableness, and but for counsel's ineffective assistance, there is a "reasonable probability" that the result would have been different. Id. at 694. The defendant bears the burden to affirmatively prove the prejudice aspect of the claim which requires proof of a reasonable probability that the result would have been different but for counsel's deficient performance. French v. United States, 76 F.3d 186, 188 (8th Cir. 1996).

Apprendi held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." Id. at 490. Movant was not sentenced beyond the statutory maximum for his offenses, rather he was sentenced on the low end of the guideline range of 84 to 105 months. Indeed, movant's counsel made numerous objections to the guideline calculation in the PSR. These objections were noted and overruled. On appeal, the Eighth Circuit recognized that movant did not dispute the occurrence of events outlined in the PSR. Accordingly, movant cannot show that but for his counsel's ineffective assistance, there was a "reasonable probability" that the result would have been different. Nor can movant show that he was prejudiced. Therefore, movant's argument that he received ineffective assistance of counsel based upon

counsel's failure to raise an objection to the guideline sentence imposed on the grounds that the sentence was imposed in violation of his constitutional rights is denied.

Movant next argues that he received ineffective assistance of counsel based upon counsel's failure to present any evidence or object to the government's failure to present any evidence regarding his objections to the application of the sentencing guidelines in his case. In this case, movant objected to the 2-level increase for obstruction of justice, objected to the 2-level increase for the alleged violation of the Missouri Attorney General's cease and desist orders, objected to the 2-level increase for encouraging his employees to violate the IRS laws, objected to the 3-level increase based upon the grouping provisions of § 3D1.4, and objected to the PSR assertion that there were no known grounds for departure. Counsel filed written objections outlining the specific facts on which the objections were based, but failed to support the objections with any evidence at the time of sentencing.

As the Government noted in its appeal to the Eighth Circuit, and the Eighth Circuit found in its opinion, none of Henrichs's legal challenges to the applicability of the three Guidelines enhancements involved disputed facts. "Henrichs did not dispute the occurrence of the events detailed in the PSR, but merely challenged their legal significance." Since each of movant's challenges to the Guidelines enhancements did not involve factual disputes but were based solely upon the correct legal interpretation of those provisions, his counsel could not have been ineffective for failing to present evidence regarding facts that were not in dispute. Therefore, movant cannot show prejudice and his argument that he received ineffective assistance of counsel based upon counsel's failure to present any evidence or object to the government's failure to present any evidence regarding his objections to the application of the sentencing guidelines in his case is denied.

Movant also requests a hearing on the instant motion. A § 2255 motion can be dismissed without a hearing if: (1) the petitioner's allegations, accepted as true, would not entitle him to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact. Sanders v. United States, 347 F.3d 720, 721 (8th Cir. 2003). The record in this case contains all of the information needed to rule on the motion. Even accepting movant's allegations as true, he is not entitled to relief as a matter of law. Accordingly, Henrichs's request for a hearing is denied.

### III. Conclusion

For the reasons stated above, it is hereby

ORDERED that Movant Bradley A. Henrichs's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (Doc. # 1) is denied. It is further

ORDERED that Henrichs's request for a hearing is denied. It is further

ORDERED that movant is denied a Certificate of Appealability.

/s/Scott O. Wright
SCOTT O. WRIGHT
Senior United States District Judge

Dated: 2-13-06